# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 93 C 3438 | **DATE** | 4/12/2001 |
| **CASE TITLE** | Steven K. Anglin vs. Sears, Roebuck and Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion in Limine to Bar Plaintiff's Expert Witness From Testifying (140-1) is granted. Defendant's Motion in Limine to Bar Plaintiff from Presenting Undisclosed Witnesses at Trial (142-1) is granted. Defendant's Motion in Limine to Bar Evidence and Argument Relating to the Plaintiff's Claims for "Lost Opportunity" Damages (141-1) is granted in part and denied in part. Defendant's Motion in Limine to Bar Plaintiff from Presenting Lay Opinions of Whether or Not Plaintiff was Properly Terminated for Misconduct Under Sears' Policies (143-1) is denied. Plaintiff's Motion in Limine to Exclude the Testimony of Evelyn Freeman and Other Evidence (139-1) is denied. _AK_

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 16 2001 | |
| | Notified counsel by telephone. | | date docketed | **155** |
| | Docketing to mail notices. | | _mu_ | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 4/13/01 | |
| | | | date mailed notice | |
| _vkd_ VKD | courtroom deputy's initials | | VKD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

APR 1 6 2001

|  |  |  |
|---|---|---|
| STEVEN K. ANGLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 93 C 3438 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Arlander Keys |
| SEARS, ROEBUCK AND CO., and | ) | |
| MARGARET EDIDIN, | ) | Judge John A. Nordberg |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are both parties' motions *in limine*. For the following reasons, this Court grants Defendant's motion *in limine* to bar Plaintiff's expert witness from testifying; grants Defendant's motion *in limine* to bar Plaintiff from presenting undisclosed witnesses at trial; grants in part and denies in part Defendant's motion *in limine* to bar evidence and argument relating to the Plaintiff's claims for "lost opportunity" damages; and denies Defendant's motion *in limine* to bar Plaintiff from presenting lay opinions of whether or not Plaintiff was properly terminated for misconduct under Sears' policies. Also, for the reasons set forth below, the Court denies Plaintiff's motion *in limine* to exclude testimony of Evelyn Freeman and other evidence.

## BACKGROUND

This is an action for alleged wrongful termination in violation of § 510 (" § 510") of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140 (West 2000).[1] Plaintiff, Steven K. Anglin, brought this action against Sears, Roebuck and Company ("Sears") and Margaret Edidin, a Department Manager at Sears. Sears employed Plaintiff from February 1, 1977 until March 20, 1992, when he was terminated by his supervisor, Ms. Edidin.

According to Mr. Anglin, when Ms. Edidin informed him of his termination, she cited four specific reasons: his display of a "nude picture" on the computer monitor on his desk; his use of the women's washroom on one occasion; his use of obscene language toward another employee; and his having yelled at his immediate supervisor.[2] Mr. Anglin maintains that Sears characterized these

---

[1] Plaintiff had also alleged defamation per quod, but this claim was dismissed in Defendant's summary judgment motion. *See Anglin v. Sears, Roebuck and Co.*, No. 93 C 3438, 1998 WL 483524 (N.D. Ill. Aug. 10, 1998).

[2] Mr. Anglin denies having used obscene language toward another employee and yelling at his supervisor. He also contends that Sears had encouraged him to explore the hardware and software capabilities of his computer, which resulted in his display of the "nude picture", and that he used the women's washroom on a Saturday, in an emergency after determining that it was unoccupied. Furthermore, Mr. Anglin alleges that Sears had a longstanding policy of corrective review for unacceptable conduct
(continued...)

alleged actions as "wilful misconduct" in order to justify his termination, so Sears would not have to pay him benefits pursuant to a "reduction in force" benefits program entitled <u>1992 Closed Unit/Reorganization Package</u> (the "Plan"). Therefore, according to Mr. Anglin, he was terminated with the specific intent to interfere with his ERISA rights, in violation of § 510.[3]

## DISCUSSION

"In general, federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials." *Farley v. Miller Fluid Power Corp.*, No. 94 C 2273, 1997 WL 757863, at *1 (N.D. Ill. Nov. 24, 1997)(citing *Luce v. United States*, 469 U.S. 38, 41 fn. 4 (1984)). A motion in limine may be used to insulate the jury from potentially harmful or unfairly prejudicial evidence. McCORMICK ON EVIDENCE, § 52 at 202-203 (4th ed. 1992). However, a court is limited to excluding, in limine, only such evidence that is clearly inadmissible on all possible grounds.

---

[2](...continued)
or attitude of employees, prior to terminating their employment and that, contrary to that policy, Sears did not provide Plaintiff an opportunity to improve the conduct which it cited as grounds for his termination.

[3] More background details may be found in this Court's Report and Recommendation ("R & R"), regarding Defendant's Motion for Summary Judgment, to Judge Nordberg on March 26, 1997.

*Farley*, 1997 WL 757863, at *1. As a result, "when admissibility determinations are not clear, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice can be resolved in their proper context." *Marlow v. Winston & Strawn*, No. 90 C 5715, 1994 WL 424124, at *1 (N.D. Ill. Aug. 11, 1994).

### A. Defendant's Motion *In Limine* to Bar Plaintiff's Expert Witness from Testifying at Trial.

This Court grants this motion *in limine*. On February 2, 2001, this Court denied Plaintiff's Motion for Leave to Complete Damages Expert Discovery, because Plaintiff had failed to produce his expert during discovery, despite the Court's prior extensions of time to complete discovery, as well as Defendants' many requests for Plaintiff's expert's files and deposition. Indeed, as explained in Defendant's Opposition to Plaintiff's Motion to Leave to Complete Expert Discovery, since 1995, Sears had requested, on at least seven separate occasions (six times by letter and at least once by telephone), that Plaintiff produce his expert witness, Sandor Goldstein, for deposition. Although Plaintiff produced Mr. Goldstein's expert report (apparently six days before the Court-ordered discovery cut-off date of January 31, 2000), Plaintiff failed to produce him for deposition, despite the Court having

-4-

granted a six-week extension of time to complete expert discovery. Nonetheless, Plaintiff has listed Mr. Goldstein on his witness list in the Final Pretrial Order, and, therefore, apparently intends to present him at trial.[4]

Courts in the Seventh Circuit routinely bar witnesses from testifying at trial, where the witnesses have not been produced in accordance with a court's discovery deadlines, thereby impeding opposing party's opportunity to adequately prepare for trial. *See, e.g., Hill v. Porter Memorial Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996)(affirming district court's barring of plaintiff's expert witnesses, stating that "[a]dherence to established deadlines is essential if all parties are to have a fair opportunity to present their positions. In the absence of a compelling excuse, a district court is well within its discretion to exclude untimely proffered evidence or testimony."); *In re Maurice*, 21 F.3d 767, 773 (7th

---

[4] Plaintiff has also failed to follow Judge Nordberg's Final Pretrial Order Requirements. Pursuant to Section (e), Plaintiff was required to set forth the qualifications of each expert he intended to call at trial, which Plaintiff has not done. Morever, pursuant to the Order, all experts must be deposed prior to the preparation of the Order, unless otherwise directed by the Court. Importantly, this Court - because of Plaintiff's failure to meet deadlines - explicitly denied Plaintiff another extension of time to complete expert discovery, and, consequently, Plaintiff's expert witness has not been deposed. Accordingly, Plaintiff's expert witness shall not testify.

Cir. 1994)("When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction."); *Coclanes v. City of Chicago*, No. 93 C 557, 1994 WL 10007, at * 3 (N.D. Ill. Jan. 13, 1994)(barring plaintiff's expert witness from testifying, finding that defendant had been denied opportunity to adequately prepare).

Based on the aforementioned authority, and Plaintiff's failure to produce his expert witness to be deposed in accordance with the Court's deadlines (and extensions), Plaintiff's expert witness is barred from testifying at trial.[5]

### B. Defendant's Motion *In Limine* to Bar Plaintiff from Presenting Undisclosed Witnesses at Trial.

This *motion in limine* is also granted for similar reasons. Plaintiff listed four witnesses in his Final Pretrial Order - Randy L. Duncan, Lee R. Emetti, Robert Kator, and Laura Michels - who had never been previously disclosed by Plaintiff, despite repeated requests by Defendant. On or about June 8, 1995, Sears served

---

[5] Because the Court is barring Plaintiff's expert witness from testifying, due to the witness not being produced for deposition, the Court does not need to address Defendant's alternative argument, that the expert should be barred because his testimony is based solely on speculation.

Plaintiff with interrogatories, which specifically requested, *inter alia,* the name, address and telephone number of each person with knowledge of the facts referring to any allegations contained in Plaintiff's Complaint. After not receiving answers to its interrogatories, Sears repeatedly asked Plaintiff to respond to discovery. Plaintiff, however, continually insisted that he had already served his interrogatory answers on Sears. Apparently, it was not until the parties' face-to-face pretrial conference, on March 5, 2001 — two months after the close of discovery (and almost six years after Sears' interrogatories were first served on Plaintiff) – that Plaintiff's counsel revealed that Plaintiff had never answered the interrogatories.[6] Nonetheless, Plaintiff has listed these four witnesses in the Final Pretrial Order.

Clearly, Sears will be prejudiced if these witnesses are allowed to testify, as Sears has not had adequate time to properly prepare a defense. For instance, Sears was not able to depose these witnesses, as Sears did not know about these witnesses until the Final Pretrial Order, which was well after the close of

---

[6] Plaintiff chose not to provide the Court with a Response to Sears' Motions *in Limine.* Therefore, the Court takes as true the factual allegations made by Sears that Plaintiff never responded to Sears' interrogatories, and that Sears was first informed of these witnesses in the Final Pretrial Order.

discovery. The same rationale, discussed *supra*, about barring Plaintiff's expert witness, Sandor Goldstein, from testifying is equally applicable here, where Plaintiff has failed to comply with court-ordered discovery deadlines. *See, e.g., Santiago v. Furniture Chauffeurs, Piano Movers, Packers, and Handlers Local 705*, No. 99 C 2886, 2001 WL 11058, at * 7 (N.D. Ill. Jan. 4, 2001)(barring witnesses from testifying because they were not disclosed until after the discovery cut-off date); *Scranton Gillette Communications, Inc. v. Dannhausen*, No. 96 8353, 1998 WL 566668, at * 3 (N.D. Ill. Aug, 26, 1998)(excluding nine witnesses because plaintiff had not shown diligence during discovery in producing them, and had not shown that allowing them to testify would not be unfair to defendants). Accordingly, witnesses Randy L. Duncan, Lee R. Emetti, Robert Kator, and Laura Michols are barred from testifying.

**C.  Defendant's Motion *In Limine* to Bar Evidence and Argument Relating to Plaintiff's Claims for "Lost Opportunity" Damages.**

The Court grants in part and denies in part this motion *in limine*. Sears asserts that, under § 510 of ERISA, a plaintiff may

not recover extra-contractual legal damages.[7]  While this is an
accurate statement of the law (*see Harsch v. Eisenberg*, 956 F.2d
651, 656-57 (7th Cir. 1992)(finding that "appropriate equitable
relief" available under ERISA does not include extra-contractual or
punitive damages)), the critical question is whether Plaintiff is
requesting extra-contractual damages – which are clearly barred
under § 510 –  or "appropriate equitable relief."[8]

---

[7] Section 510 of ERISA provides, in relevant part, that
"[i]t shall be unlawful for any person to discharge, fine,
suspend, expel, discipline, or discriminate against a participant
or beneficiary . . . for the purpose of interfering with the
attainment of any right to which such participant may become
entitled under the plan . . . ." 29 U.S.C. § 1140.   As an ERISA
§ 510 claim, a plaintiff's remedies are limited to those under
ERISA § 502(a)(3), which provides for "appropriate equitable
relief."  *See Teumer v. General Motors Corp.*, 34 F.3d 542, 544
(7th Cir. 1994)("Made enforceable by participants and
beneficiaries through § 502(a)(3), § 510 protects employment
relationships from disruptions defined to frustrate the vesting
of benefits plans rights or the continued enjoyment of rights
already vested but yet to be partaken.")

[8] Sears incorrectly cites the Supreme Court case,
*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985),
for the proposition that an ERISA § 510 plaintiff's remedies are
limited to those under § 502(a)(3), which allows only
"appropriate equitable relief", and not extra-contractual legal
damages.  While this is an accurate statement of the law, this is
not what *Russell* held.   *Russell* concerned Section 409(a) of
ERISA (29 U.S.C. § 1109(a)), dealing with a delay in processing a
beneficiary's disability benefits, that could be enforced under §
502(a)(2), providing for "appropriate relief."  *Russell*
explicitly stated that its opinion did not concern § 502(a)(3) –
but only § 502(a)(2).  *Id.* at 150 ("This does not resolve, of
(continued...)

The Seventh Circuit - as well as other circuits[9] - has recognized that restitution may be a monetary equitable remedy available under ERISA. *Reich v. Continental Cas. Co.,* 33 F.3d 754, 756 (7th Cir. 1994); *see also Cabin v. Platofilm Industries, Inc.,* No. 96 C 2564, 1996 WL 496604, at * 2 (N.D. Ill. Aug. 29, 1996) (finding that back pay can be considered a form of restitution and an equitable remedy under ERISA); *Boesl v. Suburban Trust & Sav. Bank,* 642 F. Supp. 1503, 1515 (N.D. Ill. 1986)(finding that remedies for ERISA violations may include "awarding the employee

---

[8](...continued)

course, whether and to what extent extra contractual damages are available under § 502(a)(3). This question was not addressed by the courts below and was not briefed by the parties and *amici*.").
Nonetheless, after *Russell*, most circuits (including the Seventh), have found the reasoning in *Russell* to be equally applicable to § 502(a)(3). In fact, in *Harsh,* the Seventh Circuit stated: "The Supreme Court has never addressed the availability of extra contractual damages under section 502(a)(3). In fact, the Court specifically reserved that question in *Russell.* Nevertheless, most circuits have found much of the *Russell* Court's reasoning in holding that extra contractual damages are not available under ERISA section 409(a) equally applicable to section 502(a)(3)." *Harsh,* 956 F.2d at 657.

[9] *See Schwartz v. Gregori*, 45 F.3d 1017, 1022-23 (6th Cir. 1995)(finding back pay and front pay awarded against employer for retaliatory discharge, in violation of § 510, to be equitable remedies under ERISA);*Resner v. ARC Mills, Inc.*, No. 95 C 2924, 1996 WL 554571, at * 1 (S.D.N.Y. Sept. 30, 1996)("Monetary awards may be equitable if they are restitutionary, 'incidental to or intertwined with injunctive relief.'")(citation omitted).

back pay, reinstatement, restitution of his forfeited employee benefits, and any other relief necessary to make him whole")(citation omitted). Therefore, the pivotal question is whether Plaintiff is requesting monetary equitable remedies or extra-contractual remedies.

According to Sears, Plaintiff is requesting damages for the lost earnings and benefits he would have accumulated during a "second career" at Sears, if he had not been discharged, been selected for termination pursuant to the 1992 reduction in force ("RIF") (and given $50,000 in severance benefits pursuant to the Plan), been rehired by Sears after the RIF, and then remained employed with Sears for nine more years. To the extent Plaintiff is seeking damages for *both* (1) severance benefits under the Plan and (2) lost earnings (and ensuing benefits) for nine-plus years of a supposed second-career at Sears, Defendant's motion *in limine* is granted. As pointed out by Sears, the Plan did not require that Sears rehire employees that it had previously terminated and to whom it had paid severance benefits. While the Plan may have allowed Sears to rehire employees terminated pursuant to the RIF, it certainly was not a requirement (and would not make sense if it was). Therefore, if Plaintiff's theory is that, but for his

termination in violation of § 510 of ERISA, he would have been terminated pursuant to the RIF, and then subsequently rehired by Sears, Plaintiff may not request damages for his supposed second career with Sears, as such damages are speculative, and, moreover, cannot be legitimately characterized as restitutionary or contractual. Again, the contract (or Plan) did not stipulate that employees selected for termination pursuant to the RIF would be immediately rehired by Sears. *See Massie v. Indiana Gas Co.*, 752 F. Supp. 261, 269 (S.D. Ind. 1990)("The protected class for purposes of an ERISA § 510 claim has been defined . . . as 'those employees who have an opportunity to *attain rights in a covered benefit plan.*'")(citation omitted)(emphasis added). Here, being rehired after the RIF was not a right covered in the benefit plan.

However, it is not entirely clear what Plaintiff's theory truly is. According to Plaintiff's Remedy Itemization in the Final Pretrial Order (Tab G), Plaintiff seeks restitution in the form of back pay, lost pension value, compensation for early liquidation of profit sharing, lost vacation and loss of his merchandise discount (as well as reinstatement). Arguably, as the aforementioned authority holds, these are monetary equitable remedies that may be recovered under ERISA, as these remedies are relief necessary to

-12-

make Plaintiff whole.

Plaintiff then states in his Remedy Itemization: "If the Court *instead* awards the value of the RIF benefit package for which plaintiff could have become eligible in 1992, with interest, that value is $29,008, plus interest from 1992 to the date of payment." (Emphasis added.) In other words, it appears from the Remedy Itemization that Plaintiff may be arguing alternative theories: Either he would have been terminated pursuant to the RIF and received severance benefits, OR he would not have been selected for termination pursuant to the RIF and would still be an employee with Sears. Therefore, to the extent Plaintiff is arguing separate, alternative theories, he is not barred from presenting evidence of back pay and reinstatement with full compensation for his loss in benefits. Plaintiff is merely barred from arguing that he should be compensated for *both* theories (i.e. that he would have received severance benefits under the RIF Plan AND been rehired by Sears). Accordingly, this *motion in limine* is granted in part and denied in part.[10]

_____

[10] Sears argues that testimony relating to damages, other than the benefits under the Plan, would distract the trier of fact and unduly prejudice Defendant. The Court disagrees, and points out that this will be a bench - not jury - trial.

**D.    Defendant's Motion *In Limine* to Bar Plaintiff from Presenting Lay Opinions of Whether or Not Plaintiff Was Properly Terminated for Misconduct Under Sears' Policies.**

The Court denies this motion *in limine*.    Sears argues that neither Plaintiff nor witness Constantive Doukas are competent to opine on Sears' termination policies, and that, whether Sears followed its policies when terminating Plaintiff, is irrelevant. Sears correctly maintains that the Seventh Circuit has repeatedly held that a violation of an employer's policies is not *per se* evidence of discrimination.    *See, e.g., Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986) ("This Court does not sit as a super-personnel department that reexamines an entity's business decisions.").

Nevertheless, a trier of fact could conclude that a company's violation of its policies evidences a pretext for discrimination – in other words, that the decision-maker is not being honest about his or her reason for termination of the plaintiff.    As explained in *Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 289 (7th Cir. 1999) (citation and internal quotes omitted):

> [A] plaintiff may [establish pretext] with evidence tending to prove that the employer's proffered reasons are factually baseless, were not the actual motivation for the discharge in question, or were insufficient to motivate the discharge.    These formulations are simply different ways of recognizing that when the sincerity of

> an employer's asserted reasons for discharging an
> employee is cast into doubt, a fact finder may reasonably
> infer that unlawful discrimination was the true
> motivation.

*See also Zakaras v. United Airlines,* 121 F. Supp.2d 1196, 1219

(N.D. Ill. 2000)(finding that, while an employer's overly harsh

disciplinary treatment of an employee is not evidence of unlawful

discrimination, a trier of fact could conclude that an excessive

punishment is evidence of pretext); *Stalter, supra*, 195 F.3d at 290

(finding that "grossly excessive" punishment for alleged infraction

"cast[s] doubt on [employer's] true motive.").[11]

Consequently, in the case *sub judice*, a trier of fact might

disbelieve that the adverse employment action was merely a mistake,

and conclude that the real reason was motivated by discriminatory

animus. Therefore, the Court cannot conclude that, under no

circumstances, should evidence of a violation of Sears' policies be

---

[11] Sears argues that the Third Circuit's decision in *Colgan v. Fisher Scientific Co.*, 935 F.2d 1407 (3rd. Cir. 1991) — which held that an employer's failure to follow its standard performance evaluation procedures may support an inference that the proffered reason for the adverse employment action was pretextual — has been implicitly rejected by the Seventh Circuit. The Court disagrees. *Colgan* - as well as courts in the Seventh Circuit - have not suggested that an employer's deviation from its policies is a *per se* rule of liability. Rather, evidence of a deviation could be evidence of a pretext. Accordingly, such evidence is clearly relevant to the pretext analysis and will not be excluded.

allowed. It is relevant to the issue of pretext.[12]

Given that this evidence is germane to the pretext analysis, it seems reasonable that Plaintiff be allowed to offer his lay opinion describing how Sears violated its policies. Decisions as to whether lay opinion testimony is admissible is committed to the discretion of the trial court. *Gorby v. Schneider Tank Lines, Inc.*, 741 F.2d 1015, 1021 (7th Cir. 1984). A trier of fact could then determine – in conjunction with the other evidence before it – the weight to give to Plaintiff's testimony (i.e. whether or not Sears truly violated its policies), and, moreover, whether a violation of Sears' policies even constitutes evidence of pretext and discriminatory animus, or merely bad business judgment, which is not actionable under federal discrimination laws.[13]

---

[12] In fact, Sears made this same argument (i.e. no evidence of pretext or discriminatory animus) in its Motion for Summary Judgment, that was denied by this Court in its R & R to Judge Nordberg. In the R & R (that was adopted), this Court found that there were material facts in issue as to whether Sears' cited reasons for termination were pretextual, given that Sears may have violated its own policies. (*See* R & R, dated March 26, 1997, at 13.) Here, Sears, essentially, reasserts the same argument in its motion *in limine* that has been previously rejected by this Court.

[13] Sears cites no persuasive legal authority on point for its proposition that Plaintiff, and his former supervisor, should be barred from testifying at trial regarding whether Sears violated its policies when it terminated Plaintiff. For instance, in

(continued...)

-16-

Under Federal Rule of Evidence ("FRE") 701, opinion testimony is limited to "those opinions or inferences which are (a) based on the clear perception of the witnesses and (b) helpful to a clear understanding of the witness' testimony of the determination of a fact in issue." As an employee who had worked at Sears for 15 years (from 1977 to his termination in 1992), Plaintiff is qualified to give his lay opinion about whether Sears was violating its policies when it terminated him. Of course, Sears may present evidence to contradict or impeach Plaintiff's lay opinion.[14]

---

[13](...continued)
*Williams v. Williams Electronics, Inc.*, 856 F.2d 920 (7th Cir. 1988) – a case Sears cites for this proposition – the court granted summary judgment to the employer, finding that the plaintiff's own self-serving assertions – as well as those of an immediate supervisor – concerning the plaintiff's abilities, did not raise an issue of material fact, because only the opinions of supervisors were relevant. However, in the case *sub judice*, this Court has already denied Sears' summary judgment motion, finding there to be material facts in dispute. Furthermore, Plaintiff plans to offer his opinion regarding Sears' policies – not merely a self-serving statement about his work abilities. Additionally, in *La Montagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1412 (7th Cir. 1984) – another case Sears cites – the court allowed into evidence, at trial, opinions of non-decision-makers, but merely held that the evidence of discrimination was too insubstantial to support the jury's verdict. In the case at bar, Sears is free to pursue a similar post-trial motion, but the lay opinions of Plaintiff and his former supervisor should not be excluded prematurely in a pretrial motion.

[14] For instance, Sears' arguments that Plaintiff, admitted in his deposition, that he had never once looked at Sears' personnel
(continued...)

Furthermore, as discussed *supra*, assuming Sears violated its policies, the issue of pretext is a "fact in issue" in this case. Accordingly, under FRE 701, Plaintiff should be allowed to offer his lay opinion.

Similarly, Mr. Doukas' testimony will not be barred by pretrial motion. As with Plaintiff's testimony, the arguments Sears makes for the exclusion of Mr. Doukas' testimony go to the weight – and not admissibility – of the evidence. For example, Mr. Doukas' apparent admission, in his deposition, that he has never terminated anyone, in the last five to six years, for wilful misconduct goes to the weight of the evidence. Accordingly, this motion *in limine* is denied.

### E. Plaintiff's Motion *In Limine* to Exclude Testimony of Evelyn Freeman and Other Evidence.

The Court denies Plaintiff's motion *in limine*. Plaintiff makes eleven different requests for exclusion of various pieces of evidence in his motion *in limine*. Plaintiff first argues that the

---

[14](...continued)
policies regarding termination for willful misconduct, and that he had never once been in a position to judge whether conduct constituted wilful misconduct, are arguments that go to the weight of Plaintiff's testimony – not admissibility. In other words, Sears can use this evidence to impeach Plaintiff's credibility. Nonetheless, Plaintiff should be allowed to offer his lay opinion. (Furthermore, any hearsay objections about what Plaintiff heard from co-workers may be made at trial.)

testimony of Evelyn Freeman, an expert witness for Sears, should be barred because (1) she was first identified on March 9, 2001 (one business day before the due date of the Final Pretrial Order); (2) the substance of her opinion(s) has not been disclosed, nor a report been filed, pursuant to Federal Rule of Civil Procedure 26; (3) insofar as any opinion relates to Sears' liability, discovery was ordered closed several years ago; and (4) insofar as any opinion relates to Plaintiff's remedy or potential damages, Sears represented to the Court that the disclosure in January 2001 of a detailed opinion by Plaintiff's potential expert witness (Sandor Goldstein) came too late to permit a defense expert to respond.[15]

However, Plaintiff fails to explain that the reason his counsel has not deposed Sears' expert witness – or been able to otherwise adequately prepare a defense to her testimony – is entirely due to Plaintiff's counsel's own failure to meet deadlines. Indeed, despite Plaintiff's assertion that Ms. Freeman

---

[15] Alternatively, Plaintiff argues that Sears' inclusion of Ms. Freeman as a witness, without disclosure of a report or substance of her opinion, opens the door to permit limited additional discovery of opinions of disclosed witnesses on remedy issues, and requests that the Court modify its earlier ruling accordingly. For the reasons discussed *infra*, the Court will not modify its earlier ruling. Plaintiff or Plaintiff's counsel – not Sears – is at fault for failing to comply with court-ordered discovery deadlines (and extensions).

was first identified on March 9, 2001, Sears actually disclosed Ms. Freeman, and the subject of her testimony, on August 28, 2000 in Defendant's Responses to Plaintiff's First Set of Interrogatories Pertaining to Plaintiff's Remedy. In its Responses, Sears specifically disclosed that one of the subjects of Ms. Freeman's testimony would be Plaintiff's damages. According to Sears, because Plaintiff had disclosed that an expert witness would testify in support of his damage claim, it was assumed that Plaintiff would first produce his expert witness for deposition, and then Sears' expert would be deposed. Furthermore, Sears maintains that the only reason its expert was not deposed was because Plaintiff never produced his expert (Sandor Goldstein) for deposition.

Additionally, Sears claims that Plaintiff made no real attempt to depose Ms. Freeman, other than a reference in a letter dated January 25, 2001 (6 days before discovery closed) about taking Ms. Freeman's deposition after the close of discovery, once Plaintiff's expert, Mr. Goldstein, had been deposed. But, as explained *supra*, Sears repeatedly sought the deposition of Mr. Goldstein, to no avail. In fact, this Court specifically denied Plaintiff's request for an extension of time, to produce Mr. Goldstein for deposition, due to Plaintiff's counsel's delays. Consequently, discovery

closed without Plaintiff having presented Mr. Goldstein for deposition, or having taken the deposition of Sears' expert, Ms. Freeman.

The Court agrees with Sears that it would be unfair to bar Sears' witness from testifying at trial, due to Plaintiff's own lack of diligence in producing his expert, or in pursuing the deposition of Ms. Freeman. Sears was willing and able to produce Ms. Freeman for desposition and to take the deposition of Mr. Goldstein, and should not be precluded from presenting Ms. Freeman's testimony merely because Plaintiff failed to produce his own expert pursuant to the Court's discovery deadlines. Accordingly, this motion *in limine* is denied.

Second, Plaintiff requests that the Court exclude evidence as to Plaintiff's conduct or job performance at Sears which was not considered by Sears' three decision-makers (Robert Ferkenhoff, Margaret Edinin and Audrey Walker) at the time of termination. Specifically, Plaintiff requests that the Court exclude testimony of Marianne Dutkiewicz, Ms. Edinin's secretary, and Mr. Ramesh Rao, a Sears manager in an Information Systems department. Plaintiff argues that any evidence not considered by the three decision-makers is irrelevant to Sears' existence of a legitimate non-discriminatory reason for terminating Plaintiff.

In response, Sears asserts that this evidence is relevant, as Ms. Dutkiewicz witnessed certain events leading up to Plaintiff's termination, and to the extent she did not communicate any specific event to a decision-maker, her testimony corroborates Sears' legitimate non-discriminatory reasons for terminating Plaintiff. For instance, Ms. Dutkiewicz allegedly observed naked pictures of women on Plaintiff's computer screen. Although she, apparently, did not report this incident until after Plaintiff's termination, it would corroborate one of Sears' alleged legitimate reasons for terminating Plaintiff, namely that he was showing female co-workers offensive pictures. Moreover, Sears explains that Ms. Dutkiewticz did, in fact, inform Ms. Edinin of Plaintiff's inappropriate conduct towards women, and that Ms. Edinin even overheard Plaintiff yelling at Ms. Dutkiewticz.

The testimony of Mr. Rao similarly should not be excluded by pretrial motion. As with Ms. Dutkiewicz's testimony, Mr. Rao's testimony corroborates Sears' alleged legitimate reasons for its adverse employment action, as Plaintiff, allegedly, had conflicts with people in Mr. Rao's department, illustrating Plaintiff's alleged unprofessional behavior. In sum, the Court finds the testimony of Ms. Dutkiewicz and Mr. Rao to be relevant to

Plaintiff's credibility[16] and to Sears' alleged legitimate non-discrimination reasons for terminating Plaintiff. Accordingly, this motion *in limine* is denied.[17]

Third, Plaintiff seeks to exclude evidence of his pre-1991 performance reviews, maintaining that no evidence exists that these reviews were actually considered by Sears managers who terminated him. However, Sears counters that one of its reasons for terminating Plaintiff was his recurring problems with interpersonal skills, and that the pre-1991 performance evaluations document these problems. Furthermore, Sears attests that Ms. Edinin - Plaintiff's supervisor - testified in her deposition that she did,

---

[16] Plaintiff, apparently, disputes that he behaved inappropriately towards women in the workplace, or behaved unprofessionally towards employees in Mr. Rao's department. Consequently, Ms. Dutkiewicz and Mr. Rao's testimony is relevant to Plaintiff's credibility.

[17] As Sears points out, the cases Plaintiff relies on to argue that evidence not considered by Sears' decision-makers should be automatically excluded, are easily distinguishable, and otherwise not on point. In both *McKennon v. Nashville Banner Publ'g Co.,*, 513 U.S. 352 (1995) and *Cullen v. Olin Corp.*, 195 F.3d 317 (7th Cir. 1999), the courts were concerned with misconduct and performance evaluations, respectively, that occurred *after* the plaintiff had been terminated. Here, however, the evidence that Plaintiff wants to exclude concerns incidents that occurred *before* Plaintiff's termination, and, therefore, as discussed *supra*, are relevant to corroborate Sears' alleged legitimate, non-discriminatory reasons for terminating Plaintiff and to attempt to undermine Plaintiff's credibility.

in fact, review Plaintiff's performance evaluations prior to his termination, and that her failure to discuss those reviews with Plaintiff during the meeting, in which she terminated him, does not mean that she did not consider them. Because these performance evaluations may be relevant and corroborate Sears' reasons for terminating Plaintiff, they will not be excluded by pretrial motion.

Fourth, Plaintiff requests that the Court exclude a performance review prepared by Dev-Tech Consultants, his subsequent employer after Sears. While such evidence is clearly irrelevant as to why Sears terminated Plaintiff (i.e. it is evidence *after* Plaintiff's termination), Plaintiff included in his Final Pretrial Order, Proposed Finding of Fact #104, that he *continues to* have valuable technical skills and that he functions professionally in corporate environments.[18] Since, according to Sears, this performance review contradicts Plaintiff's proposed finding of fact, it should not be excluded by pretrial motion. In essence, Plaintiff has made this performance review relevant by his Proposed

---

[18] Specifically, Proposed Finding of Fact #104 states: "Anglin continues to have valuable technical skills and has demonstrated, before and after his termination with Sears, that he functions successfully in professional corporate environments." *See* Tab J in Final Pretrial Order.

Finding of Fact in the Final Pretrial Order.

Fifth, Plaintiff requests that the Court bar any evidence from Sears to contradict Plaintiff's testimony as to the contents of a videotaped presentation made to him, and other Sears Information Systems employees, in January 1992, as Sears never produced the tape during discovery. However, in order to grant Plaintiff's request to exclude this evidence, there would need to be proof that Sears willfully destroyed this evidence, or otherwise acted in bad faith. *See Lapinee Trade, Inc. Boon Rawd Brewery Co., Ltd,* No. 88 C 589, 1993 WL 394772, * 12 (N.D. Ill. Oct. 4, 1993)(finding that there needs to be factual findings that a party destroyed evidence in bad faith, before an adverse inference will be drawn). However, Plaintiff provides no evidence that Sears intentionally, or in bad faith, destroyed evidence. Accordingly, this motion *in limine* is denied.

Sixth, Plaintiff requests that the Court exclude all evidence pertaining to events occurring at a management training class which Plaintiff attended (such as observations by other Sears employees), as Plaintiff did not receive the attendance records documenting who was at the meeting. As with Plaintiff's prior argument, however, he would have to show that Sears intentionally, or in bad faith,

destroyed these records, which he has not done. Accordingly, this evidence will not be barred by pretrial motion.

Seventh, Plaintiff requests that the Court exclude the testimony from three female co-workers (Patti Mongello, Denise Molawe and Maureen Rose) who allegedly complained about Plaintiff's behavior, as Sears never explained how it located these names. Plaintiff appears to be arguing that he had no advance knowledge of these witnesses, and would, therefore, be prejudiced if their testimony were admitted into evidence. However, these individuals were disclosed to Plaintiff in Defendant's Supplemental Answers to Interrogatories, dated June 7, 1995, and Sears apparently even deposed Ms. Mongello on July 7, 1995. Furthermore, during discovery, Plaintiff could have asked - but apparently did not - how these individuals were located by Sears, and why their names were not on certain documents. Because the testimony of these female co-workers is clearly relevant, and because Plaintiff has shown no prejudice, this motion *in limine* is denied.

Eighth, Plaintiff requests that the Court exclude evidence as to any investigation of Plaintiff's conduct *prior* to March 19, 1992, maintaining that Sears should be bound by its interrogatory answer that the decision-makers met on March 19, 1992 for a

different reason than Plaintiff's termination, and that the idea to terminate Plaintiff unexpectedly arose at this meeting. However, as Sears maintains, the final "decision" to terminate Plaintiff is not synonymous with a prior "investigation" of Plaintiff's conduct. In fact, Sears argues that Ms. Edinin and Ms. Walker – two of the decision-makers – talked approximately ten days before Plaintiff's termination about his inappropriate behavior. While they may not have spoken about his termination *per se* until the March 19th meeting, these is no reason to exclude evidence of their prior investigation. Accordingly, this motion *in limine* is denied.

Ninth, Plaintiff argues that evidence offered to controvert facts which Sears is deemed to have already admitted by its failure to deny statements in Plaintiff's Rule 56.1(b) Statement[19] should be excluded. Specifically, Plaintiff argues that Sears merely requested that certain paragraphs (e.g., 82, 83, 86, 87, 96, 99, 102, 112, 113, 117, 121, 147, and 148) be stricken, but did not deny them as required by the Local Rules. However, in Sears' Response to Plaintiff's Statement of Additional Facts, Sears, for all practical purposes, denied these paragraphs by arguing that Plaintiff violated the Local Rules by stating opinions and not

---

[19] Local Rule 56.1(b) was formerly Local Rule 12(N).

facts, and by not including references to affidavits or parts of the record. Sears then moved to strike Plaintiff's statements at issue here, because they were in violation of the Local Rules, and, therefore, did not constitute valid statements of facts. Furthermore, Plaintiff never filed objections to Sears' Responses to Plaintiff's Statement of Additional Facts, and, arguably, has waived a right to contest them now. In any event, the Court finds that Sears did not "admit" facts in Plaintiff's Rule 56.1 Statement. Therefore, this motion *in limine* is denied.

Tenth, Plaintiff's motion *in limine* to bar evidence in support of Sears' defense of "exhaustion of administrative remedies" is moot, as Sears waived this defense in the Final Pretrial Order (Tab H).

Finally, Plaintiff argues that any evidence offered to controvert a finding that Plaintiff was a "participant" in the 1992 RIF Plan should be excluded, as it is "the law of the case." However, Judge Nordberg's August 10, 1998 Order (adopting this Court's R & R) specifically stated that "the law of the case" doctrine creates a rebuttable presumption. *See Anglin v. Sears, Roebuck and Co.,* No. 93 C 3438, 1998 WL 483524, at * 3 (N.D. Ill. Aug. 10, 1998)("The law of the case doctrine 'establishes a

presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit.'") (citation omitted).

In the case at bar, Sears maintains that, during discovery, it uncovered evidence to prove that Plaintiff would never have become eligible under the Plan, even if he had not been discharged for wilful misconduct. According to Sears, Mr. Doukas – Plaintiff's own witness – testified at his deposition that Plaintiff was considered *and rejected* for position elimination under the Plan. Because the "law of the case" only creates a presumption, the Court finds no compelling reason to exclude evidence which merely undermines a rebuttable presumption. Therefore, this motion *in limine* is denied.

### CONCLUSION

For the reasons set forth above, Defendant's Motions *in Limine* are denied in part and granted in part. Plaintiff's Motions *in Limine* are denied in full. Nonetheless, the denial of a motion *in limine* does not mean that all evidence contemplated by the motion will be admitted at trial. *Hawthorne Partners v. A.T. & T. Techs., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Instead, denial merely means that, without the context of trial, the Court cannot determine whether the evidence in question should be excluded. *Id.*

Thus, the Court will entertain objections on individual proffers as they arise at trial, despite the fact that the proffer falls within the scope of a denied motion *in limine*.

IT IS THEREFORE ORDERED that Defendant's Motions *in Limine* be, and the same hereby are, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motions *in Limine* be, and the same hereby are, DENIED.

DATED: April 12, 2001        ENTER:

ARLANDER KEYS
United States Magistrate Judge